UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ELLIOT REED, MICHAEL ASTA,
individually and on behalf of
others similarly situated,

Plaintiffs,

 vs.

THE SWATCH GROUP (US), INC., a
Delaware corporation

Defendant.

Civil Action Number: 14-896
(ES)(MAH)

CLASS ACTION

Return Date:  May 4, 2015

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

---

**Cohn Lifland Pearlman Herrmann & Knopf LLP**
Jeffrey W. Herrmann
Audra DePaolo
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600

**ND&S Nicoll Davis & Spinella LLP**
Jack T. Spinella
95 Route 17 South, Suite 316
Paramus, New Jersey 07652
(201) 712-1616

Attorneys for Plaintiffs

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ....................... 2

ARGUMENT

      A. Motion to Dismiss Standard ...................... 6

      B. FACTA and Willful Violation .................... 8

      C. The Amended Complaint Properly Pleads a
         Claim for Willfulness/Recklessness ............. 10

CONCLUSION ... ........................................ 24

## TABLE OF AUTHORITIES

Page

Ashcroft v. Iqbal,
  556 U.S. 662, 129 S. Ct. 1937,
  173 L. Ed. 868 (2009) ............................... *passim*

Bateman v. American Multi-Cinema, Inc.,
  623 F.3d 708 (9th Cir. 2010) ........................... 9

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 127 S. Ct. 1955,
  167 L. Ed. 2d 929 (2007) ........................ 7, 8, 16

Buechler v. Keyco, Inc.,
  2010 WL 1664226 (D. Md. Apr. 22, 2010) ................ 22

California Pub. Emp. Retirement Sys. v. Chubb Corp.,
  394 F.3d 126 (3d Cir. 2004) ........................... 9

Covington v. Int'l Ass'n of
  Approved Basketball Officials,
  710 F.3d 114 (3d Cir. 2013) ........................... 7

Dover v. Shoe Show, Inc.,
  2013 WL 1748337 (W.D. Pa. Mar. 19, 2013) ........... *passim*

Fleisher v. Std. Ins. Co.,
  679 F.3d 116 (3d Cir. 2012) ........................... 6

Fullwood v. Wolfgang's Steakhouse, Inc.,
  2014 WL 6076733 (S.D.N.Y. Nov. 14, 2014) ............. 9, 10

Gavura v. Pa. State House of Representatives,
  55 Fed. Appx. 60 (3d Cir. 2002) ....................... 7

Idahoan Fresh v. Advantage Produce, Inc.,
  157 F.3d 197 (3d Cir. 1998) ........................... 8

Katz v. ABP Corp.,
  2013 WL 2444605 (E.D.N.Y. June 4, 2013) ............. 19-21

Lavery v. RadioShack Corp.,
  2014 WL 2819037 (N.D. Ill. June 23, 2014) .......... 19, 20

Safeco Ins. Co. of Am. v. Burr,
  551 U.S. 47, 127 S. Ct. 2201,
  167 L. Ed. 2d 1045 (2007) ........................... 9, 20

Sanders v. W & W Wholesale Inc.,
  2011 WL 4840978 (N.D. Ill. 2011) ................... *passim*

Steinberg v. Stitch & Craft, Inc.,
  2009 WL 2589142 (S.D. Fla. Aug. 18, 2009) .......... *passim*

In re Warfarin Sodium Antitrust Litig.,
  214 F.3d 395 (3d Cir. 2000) ............................ 7

Zaun v. Tuttle, Inc.,
  2011 WL 1741912 (D. Minn. May 4, 2011) ............. 16, 17


RULES AND STATUTES

15 U.S.C. § 1681 ................................... *passim*

Fed. R. Civ. P. 9(b) .................................. 9

Fed. R. Civ. P. 12(b)(6) .............................. 6

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Plaintiffs, Elliot Reed and Michael Asta ("Plaintiffs"), in opposition to the motion to dismiss Plaintiffs' amended class action complaint filed by Defendant The Swatch Group (US), Inc. ("Defendant").

The allegations made by Plaintiffs in their amended complaint are substantially similar to those that have been accepted by district courts, post-Iqbal, refusing to dismiss complaints alleging willful violations of FACTA. In preparing the amended complaint, Plaintiffs added a new section entitled, "Defendant's Knowledge of FACTA's Truncation Requirements" setting forth Defendant's actual knowledge of the law, as well as Defendant's willful/reckless violations of FACTA.

As a result of the foregoing, Defendant cannot argue that these allegations fail to allege a willful/reckless violation of FACTA. Instead, Defendant's motion attempts to divert the Court's attention away from these statements by focusing on Plaintiffs' allegations surrounding the publicity of FACTA and arguing that those statements alone fail to adequately plead willfulness.

In doing so, Defendant ignores the additional allegations set forth in the section of the amended complaint entitled, "Defendant's Knowledge of FACTA's Truncation Requirements." As shall be demonstrated below, the amended complaint contains

1

allegations that parallel those in complaints found sufficient in the decisions this Court cited with approval in its initial decision. For these reasons, Defendant's motion should be denied in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2014, Plaintiffs filed this class action complaint against Defendant. (Document 1). On May 7, 2014, Defendant filed a motion to dismiss Plaintiffs' complaint. (Document 12). On December 29, 2014, the Court dismissed the complaint without prejudice and granted Plaintiffs leave to amend the complaint. (Docket 25).

Plaintiffs filed a first amended class action complaint on January 28, 2015 (Document 26), and Defendant filed the present motion to dismiss Plaintiffs' amended complaint on February 27, 2015. (Document 29).

In their first amended complaint, Plaintiffs allege that the Fair and Accurate Credit Transaction Act ("FACTA") was enacted in 2003 to bolster protections for consumers from identity theft. (Document 26, ¶ 17). FACTA, 15 U.S.C. § 1681c(g), provides that no person that accepts credit cards or debit cards for the transaction of business shall print more than the last *5* digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. (Document 26, ¶

2

18). Specifically, 15 U.S.C. § 1681c(g) applies to any "device that electronically prints receipts" ("Devices") for point of sale transactions. (Document 26, ¶ 19).

Devices first put into use after January 1, 2005 must have been immediately compliant with 15 U.S.C. § 1681c(g). (Document 26, ¶ 20). Devices first put into use prior to January 1, 2005 must have complied with 15 U.S.C. § 1681c(g) by December 4, 2006. (Document 26, ¶ 21). FACTA gave merchants who accept credit or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. (Document 26, ¶ 22).

On June 3, 2008, FACTA, 15 U.S.C. § 1681n(d), was amended to provide a temporary "safe harbor" for any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction, but otherwise complied with FACTA's requirements. The "safe harbor" period, which started on December 4, 2006 and ended on June 3, 2008, provided that merchants would not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt during that limited time period. (Document 26, ¶ 23).

The "safe harbor" period was designed to provide merchants with a second opportunity to become compliant with the law. After the safe harbor period expired on June 3, 2008, the previously

protected merchants then became subject to claims of willful noncompliance for printing expiration dates on receipts. Id.

On October 8, 2013, Plaintiff Elliot Reed made a purchase at Defendant's store at Swatch Garden State Plaza, Route 4 & 17, Paramus, New Jersey 07652. Mr. Reed used his American Express credit card to pay for his purchase. Following the transaction, Defendant gave Mr. Reed an electronically-printed receipt that displayed the expiration date of his American Express credit card. (Document 26, ¶ 24).

On October 16, 2013, Plaintiff Michael Asta made a purchase at Defendant's store at Swatch Times Square, 1528 Broadway, New York, New York 10036. Mr. Asta used his American Express credit card to pay for his purchase. Following the transaction, Defendant gave Mr. Asta an electronically-printed receipt that displayed the expiration date of his American Express credit card. (Document 26, ¶ 25). Defendant used Devices for point of sale transactions. (Document 26, ¶ 26).

Well before October 8, 2013, Defendant was aware that it was prohibited from providing to consumers sales receipts that displayed more than the last five digits of consumers' credit or debit card numbers and/or expiration dates of those cards. (Document 26, ¶ 54). Prior to September 16, 2013, VISA, MasterCard and other card associations, acquirers and issuers advised

4

merchants of the need to truncate card numbers and expiration dates on electronically printed receipts. (Document 26, ¶¶ 31-32).

VISA, MasterCard and other card associations, acquirers and issuers contractually required merchants accepting those credit cards to truncate card numbers and expiration dates on electronically printed receipts. (Document 26, ¶¶ 33-35). As a merchant that accepts credit and debit cards for payment, Defendant had agreements with those credit card issuers, including VISA, MasterCard and American Express, apprising Defendant of its obligation to truncate credit and debit card account numbers and remove expiration dates. (Document 26, ¶ 55). Defendant additionally received periodic communications from those credit card issuers advising Defendant of that obligation. (Document 26, ¶ 56). Defendant also received information from its bank or other entity performing card payment clearing services, its merchant processing company and its Point of Sale (POS) provider notifying Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. (Document 26, ¶¶ 57-59). Many retail and restaurant trade associations advised their merchant members of FACTA's truncation requirements. (Document 26, ¶¶ 38-48, 60).

In October 2013, over five years after FACTA was amended to clarify that expiration dates must not be printed on receipts,

Defendant provided Plaintiffs and other class members receipts that failed to comply with 15 U.S.C. § 1681c(g). (Document 26, ¶ 28).

Notwithstanding that (1) Defendant had many years to comply with FACTA, (2) Defendant was required by credit card companies to comply with the truncation requirements even before the FACTA compliance deadlines and (3) Defendant was aware of the truncation requirements, Defendant provided consumers with credit and debit card receipts that failed to comply with 15 U.S.C. § 1681c(g). (Document 26, ¶ 66-67). Therefore, Defendant willfully and/or recklessly violated the FCRA and, as a result of its willful violations of the FCRA, Defendant is liable to Plaintiffs and class members pursuant to 15 U.S.C. § 1681n. (Document 26, ¶¶ 68-69).

## ARGUMENT

### A. Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Std. Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (citations and quotations omitted). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded

allegations of the complaint. In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000).

Indeed, "the issue on a motion to dismiss for failure to state a claim is not whether a plaintiff ultimately will prevail, but whether the claimant is entitled to offer evidence to support her claims." Gavura v. Pa. State House of Representatives, 55 Fed. Appx. 60, 65 (3d Cir. 2002). For a complaint to survive dismissal, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed 2d. 929 (2007).

But while the factual allegations must be enough to raise a right to relief above the speculative level, "a claimant does not have to 'set out in detail the facts upon which he bases his claim.'" Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555 n.3). After all, the "plausible" pleading standard "is not akin to a 'probability requirement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Thus, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations" or "that actual proof of

those facts is improbable." <u>Twombly</u>, 550 U.S. at 563 n.8, 556. At bottom, the plaintiff's short and plain statement of the claim need simply "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." <u>Id.</u> at 545.

## B.   <u>FACTA and Willful Violation</u>

Congress enacted FACTA in 2003 to stem the rising tide of identity theft. The purpose of FACTA is to hold accountable merchants who exposed their customers to unreasonable risks of credit and debit card fraud and identity theft. Therefore, a consumer alleging a FACTA violation need not have suffered actual damages. A retailer that willfully fails to comply with FACTA is subject to statutory damages. <u>See</u> 15 U.S.C. 1681n. Our courts have a duty to interpret and construe remedial legislation, such as FACTA, broadly to effectuate its purpose. <u>See, e.g.</u>, <u>Idahoan Fresh v. Advantage Produce, Inc.</u>, 157 F.3d 197, 202 (3d Cir. 1998).

It is not difficult for a merchant to comply with FACTA as the two requirements imposed on merchants are easy to implement. Retailers simply cannot print more than the last 5 digits of the card number on, and must remove the entire expiration date from, any receipt provided at the point of sale or transaction. <u>See</u> 15 U.S.C. 1681c(g)(1).

The Supreme Court held that a "willful" violation of FACTA includes "not only knowing violations of a standard, but reckless

ones as well." <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); <u>see also</u> <u>Bateman v. American Multi-Cinema, Inc.</u>, 623 F.3d 708, 711 (9th Cir. 2010). The term reckless is conduct involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." <u>Safeco Ins. Co.</u>, 551 U.S. at 68; <u>see also</u> <u>Bateman</u>, 623 F.3d at 711. A defendant acts in reckless disregard if its action "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." <u>Safeco Ins. Co.</u>, 551 U.S. at 69; <u>see also</u> <u>Bateman</u>, 623 F.3d at 711.

It is important to recognize that FACTA is remedial legislation, enacted to protect consumers. As such, it does not contain the heightened pleading requirements that are imposed in actions involving securities fraud and other types of fraud. <u>See, e.g.</u>, <u>California Pub. Emp. Retirement Sys. v. Chubb Corp.</u>, 394 F.3d 126, 161-62 (3d Cir. 2004); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

A willful violation of FACTA requires only that a defendant knew of or was reckless as to FACTA's requirements and whether its actions were in violation of FACTA. <u>Fullwood v. Wolfgang's</u>

Steakhouse, Inc., 2014 WL 6076733 at *3 (S.D.N.Y. Nov. 14, 2014). Plaintiffs are not required to bring forth evidence of such mens rea, but rather must allege sufficient facts to support a plausible inference that defendant knew, or was reckless as to whether, its conduct was violating FACTA. Id. at *3, 7.

Most importantly, the decision in Fullwood warned that courts "should be wary of establishing an unreasonably high bar to surviving a motion to dismiss, lest the FCRA's willfulness standard be all but eliminated. If plaintiffs were required to demonstrate in their pleadings that a defendant actually knew of its own violative behavior, only the rare handful of cases would be able to establish, at the motion to dismiss stage, that a defendant was actually informed of their violation of their statute." Id. at *7.

C. **The Amended Complaint Properly Pleads a Claim for Willfulness/Recklessness**

Plaintiffs' first amended complaint has addressed and corrected the deficiencies cited by this Court in its December 29, 2014 decision dismissing the original complaint. In dismissing the original complaint, this Court found that, "Plaintiffs neither assert nor show that this Defendant in particular actually received, reviewed, or was otherwise made familiar with FACTA's requirements" (Document 25, pg. 6). Moreover, this Court found that, "Nothing in Plaintiffs' Complaint gives rise to the inference that Defendant knew the law prohibited its conduct." Id.

To illustrate these deficiencies, this Court cited to three post-_Iqbal_ decisions that correctly pled FACTA allegations of willfulness, thereby overcoming motions to dismiss, namely: _Dover v. Shoe Show, Inc._, No. 12-694, 2013 U.S. Dist. LEXIS 59418, 2013 WL 1748337 (W.D. Pa. Mar. 19, 2013); _Sanders v. W & W Wholesale Inc._, No. 11-3557, 2011 U.S. Dist. LEXIS 117860, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011); and _Steinberg v. Stitch & Craft, Inc._, No. 09-60660, 2009 U.S. Dist. LEXIS 72908, 2009 WL 2589142, *2-3 (S.D. Fla. Aug. 18, 2009) (Document 25, pgs. 6-8). As demonstrated below, the amended complaint in this case contains language comparable to that set forth in the complaints filed by Plaintiffs, Dover, Sanders and Steinberg.

For example, this Court noted in _Dover_, that the plaintiff successfully "alleged not only that that there was substantial publicity surrounding FACTA compliance, but specifically that defendant itself was made aware of its compliance obligation by VISA manuals and guidelines." (Document 25, pgs. 7-8); _Dover_, 2013 U.S. Dist. LEXIS 59418, 2013 WL 1748337, at *3. A review of paragraphs 18 and 19 of the _Dover_ complaint reveal allegations that "Visa USA's **agreements with the American merchants which accept** _Visa_ brand credit or debit cards" are defined in a manual which describes Visa's truncation requirements and that the "truncation standards set forth in the Visa Merchant Rules, which

11

are part of the **contract between Visa and the merchants which accept its debit and/or credit cards….**" (See Dover Class Action Complaint at ¶¶ 18-19, which is Exhibit "A" to the Declaration of Jeffrey W. Herrmann submitted herewith ("Herrmann Dec")(emphasis added). Ms. Dover also alleged, upon information and belief, that the defendant had agreements with various credit card issuers and that the defendant received periodic communications from credit card issuers. (See Dover Class Action Complaint at ¶¶ 43-44; Document 26 at ¶¶ 55-56).

Just like Dover, Plaintiffs' original complaint was replete with facts regarding the substantial publicity surrounding FACTA compliance, but here the original complaint was dismissed because it failed to make the necessary assertion that Defendant actually received, reviewed or was otherwise made familiar with FACTA's requirements. This deficiency was corrected in the Amended Complaint in a section entitled, "Defendant's Knowledge of FACTA's Truncation Requirements" (paragraphs 54-66). Here, the allegations set forth in these paragraphs make the necessary factual allegations that Defendant actually received, reviewed or was otherwise made familiarly with FACTA's requirements.

In fact, both the Dover complaint and Plaintiffs' amended complaint here contain the nearly identical allegation that, "Upon information and belief, prior to the transactions at issue,

Defendant has had agreements with various credit card issuers, including VISA, MasterCard, American Express and others, and those agreements apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates." See Document 26, ¶55; see also Dover Complaint, ¶ 43. As the foregoing demonstrates, the amended complaint makes the necessary connection between the credit card companies' notices and Defendant's receipt of said notices, which was lacking in the original complaint. In the amended complaint Plaintiffs assert that Defendant actually received, reviewed, or was otherwise made familiar with FACTA's requirements. Moreover, this allegation gives rise to the inference that Defendant knew that the law prohibited its conduct as was found in Dover. See Document 25, pg. 8.

The foregoing is just one of many allegations set forth within the section entitled, "Defendant's Knowledge of FACTA's Truncation Requirements" that contains the necessary elements to plead willfulness post-Iqbal. In the case sub judice, Plaintiffs' amended complaint plausibly alleges that Defendant either knew that, or acted recklessly regarding whether, its printing the entire expiration date on Plaintiffs' receipts violated FACTA.

This Court found Sanders v. W & W Wholesale Inc., No. 11-3557, 2011 U.S. Dist. LEXIS 117860, 2011 WL 4840978 (N.D. Ill. Oct. 12, 2011) to be "clearly distinguishable" from Plaintiffs'

original complaint because Ms. Sanders alleged that the defendant was made aware of FACTA's requirements by the company that provided defendant with point-of-sale credit card terminals and that defendant had to enter a special code to print expiration dates on receipts. (Document 25 at pp. 7-8 citing Sanders, 2011 WL 4840978 at *2, which cites the Sanders complaint at ¶¶ 24-25, 41-43).

Paragraphs 24 and 25 of the Sanders complaint in facts allege that, on information and belief, "the entity that had provided Defendant's point of sales terminals and software **would have made Defendant aware** of its obligation to truncate" and as such "Defendant would have actual notice of the truncation requirements under FACTA." (See Sanders Complaint-Class Action at ¶¶ 24-25, which is Exhibit "B" to Herrmann Dec)(emphasis added). Paragraphs 41 through 43 of the Sanders complaint allege that the defendant's point of sales terminal contained a code for it to obtain and print the expiration date. Id. at ¶¶ 41-43. Plaintiffs here also allege, upon information and belief, that Defendant received written information from its point of sale provider advising of its obligation to truncate. Document 26 at ¶ 58). At this early stage of the litigation and without any access to discovery, Plaintiffs are not privy to information regarding the programming of Defendant's point of sales terminals. The Sanders court specifically noted that plaintiffs had not been allowed to conduct

14

discovery in the case and could not be expected to have any more detailed insight into the state of mind of individuals working for defendant at that juncture. Id.

This Court also cited to Steinberg v. Stitch & Craft, Inc., supra, which denied a motion to dismiss where the plaintiff alleged credit card companies had, "notified merchants, including the Defendant" of "FACTA's requirements, and that Defendant violated FACTA, because it "did not wish to incur the additional expense of reprogramming or updating its point of sale equipment." (See Steinberg Class Action Complaint at ¶¶ 15, 21, which is Exhibit "C" to Herrmann Dec). This allegation in Steinberg demonstrates knowledge and a willful disregard of FACTA by the defendant as evidenced by the merchant's knowing and willful refusal to update its point of sale equipment. See Steinberg, 2009 WL 2589142 at *3.

Here, Plaintiffs assert substantially the same allegation, that Defendant knew of the FACTA requirements but did not wish to incur the additional expenses to update its point of sale equipment. (Document 26, ¶ 61). Based upon the other allegations set forth in the amended complaint, Plaintiffs believe in good faith that said allegation is true. But for purposes of this motion to dismiss, the amended complaint may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations" or "that actual proof of

15

those facts is improbable." <u>Twombly</u>, 550 U.S. at 563, 556 n.8. For a complaint to survive dismissal, it must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Iqbal</u>, 556 U.S. at 677-78. Here, accepting as true the fact that "Defendant chose to ignore the new account concealment requirements on electronically printed receipts at the point of sale, because Defendant did not wish to incur the additional expense of reprogramming or updating its point-of-sale equipment" clearly satisfies the willful pleading requirement that Defendant argues is non-existent.

The following allegations asserted in the amended complaint are substantially similar to those allegations set forth in the <u>Dover</u> and <u>Steinberg</u> complaints:

- Upon information and belief, prior to the transactions at issue, Defendant received periodic communications from credit card issuers advising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. (Document 26, ¶ 56; <u>Dover</u> Complaint, ¶ 44)

- Upon information and belief, prior to the transactions at issue, Defendant received monthly statements from its merchant bank (or other similar entity that performed credit and debit card payment

clearing services for Defendant) which apprised Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. (Document 26, ¶ 57; <u>Dover</u> Complaint,¶ 45)

- Upon information and belief, prior to the transactions at issue, Defendant received written information from its POS (Point of Sale) provider(s) apprising Defendant of its obligation to truncate credit and debit card account numbers and expiration dates. (Document 26, ¶ 58; <u>Dover</u> Complaint,¶ 46)

- Upon information and belief, prior to the transactions at issue, Defendant received written notices, warnings and alerts pertaining to FACTA's truncation requirements in monthly statements by United States mail and/or by electronic mail from Defendant's merchant processing company. ((Document 26, ¶ 59; <u>Steinberg</u> Complaint ¶ 17)

- Upon information and belief, prior to the transactions at issue, Defendant received information from trade associations and/or other similar entities apprising Defendant of its obligation to truncate credit and debit card

17

account numbers and expiration dates. (Document
26, ¶ 60; <u>Dover</u> Complaint,¶ 47)

- Upon information and belief, Defendant's violations
  as stated herein, were not isolated incidents or
  accidental oversights. Defendant chose to ignore
  the new account concealment requirements on
  electronically printed receipts at the point of
  sale, because Defendant did not wish to incur the
  additional expense of reprogramming or updating its
  point-of-sale equipment. (Document 26, ¶ 61;
  <u>Steinberg</u> Complaint,¶ 21)

- Despite having direct notice of the requirements of
  FACTA, Defendant chose to ignore such notice and
  disregard the provisions of FACTA and continued to
  provide to the Plaintiffs, and those other class
  members similarly situated, electronically printed
  receipts which contained the expiration date of the
  credit/debit card accounts which was prohibited by
  FACTA. The disregard of these notices by the
  Defendant was willful and/or reckless and
  constitutes a willful violation under FACTA.
  (Document 26, ¶ 62; <u>Steinberg</u> Complaint, ¶18)

- The foregoing acts and omission of Defendant, despite first having actual and constructive notice of FACTA's requirements, constitute willful violations of FACTA and thereby exposed Plaintiffs, and those other class members similarly situated to identity theft and credit/debit fraud that FACTA was specifically enacted to prevent. (Document 26, ¶ 63; Steinberg Complaint, ¶20)

Through these allegations, Plaintiffs successfully assert that Defendant actually received, reviewed, or was otherwise made familiar with FACTA's requirements. Furthermore, these allegations give rise to the inference that Defendant knew that the law prohibited its conduct.

Other District Courts considering this issue post-Iqbal have also denied motions to dismiss actions asserting that defendants willfully violated FACTA based on allegations substantially similar to those in the case sub judice. Even after Iqbal, courts have opined that the issue of willfulness frequently involves facts beyond the pleadings, which often cannot be resolved at the motion to dismiss stage. See, e.g., Lavery v. RadioShack Corp., 2014 WL 2819037 at *2 (N.D. Ill. June 23, 2014); Katz v. ABP Corp., 2013 WL 2444605 at *3 (E.D.N.Y. June 4, 2013); Sanders v. W & W Wholesale Inc., 2011 WL 4840978, at *1-2 (N.D. Ill. 2011).

When a plaintiff alleges that the defendant was on notice of FACTA's truncation requirement, "it is plausible to infer either a knowing or reckless violation from the facts pleaded." Lavery, 2014 WL 2819037 at *2 (citing Safeco, 551 U.S. at 56-57, 68); see also Katz, 2013 WL 2444605 at *3 (approving the use of "reasonable inferences" from the facts alleged). At the pleading stage of the litigation, a plaintiff "need not plead specific facts, nor should he be expected to without the benefit of discovery." Id. at *3. The question of whether the plaintiff will prevail on the merits remains to be determined at a later stage in the action. Id.

In 2014, the court in Lavery held that the amended complaint adequately alleged willfulness by asserting that RadioShack was on notice of FACTA's truncation requirement. 2014 WL 2819037 at *2. The plaintiff in Lavery alleged that "'FACTA gave merchants who accept credit and debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006,' and that the requirements 'w[ere] widely publicized.'" Id. Mr. Lavery further alleged that "major companies involved in the processing of credit cards, 'VISA, MasterCard, other card associations, acquirers, and issuers,' advised and contractually required merchants to comply with FACTA's requirements." Id. The Lavery court opined that such

allegations repeatedly have been held sufficient to survive a motion to dismiss at the pleading stage. Id. at *2-3.

The defendant in Katz filed a motion to dismiss arguing that plaintiff's complaint failed to plausibly plead a willful FACTA violation. 2013 WL 2444605, at *1-2. Mr. Katz alleged that defendant issued him a receipt containing information prohibited by FACTA and that the receipt was issued from a register maintained, programmed or operated by defendant. 2013 WL 2444605, at *3. In 2013, the court found it reasonable to infer on those allegations that defendant either intended or recklessly permitted the information to appear on the receipt and that such allegations "with the reasonable inferences they permit" satisfy the plausibility requirement at this stage. Id.

In Zaun v. Tuttle, Inc., 2011 WL 1741912, at *2 (D. Minn. May 4, 2011), the court held that plaintiff's amended complaint plausibly alleged a willful violation of FACTA. Mr. Zaun alleged that defendant was aware of FACTA's requirements from the publicity, a trade association and a credit card processing company and had the ability to change its credit card terminals to remove the expiration date and ensure compliance with the statute, but failed to do so. Id. The Zaun court note that the Clarification Act's safe harbor expired in June 2008, at least six months before the transaction at issue. Id.

21

In Buechler v. Keyco, Inc., 2010 WL 1664226, at *1-3 (D. Md. Apr. 22, 2010), the court denied defendant's motion to dismiss the complaint based on plaintiff's allegations of: publicity regarding the enactment of FACTA in 2003 and the 2007 Clarification Act; guidance from the FTC; press conferences and efforts by Congress and VISA; and FACTA compliance by competitors. The court found that plaintiff's complaint plausibly alleged a willful violation of FACTA, noting that similar complaints have withstood motions to dismiss. Id.

In this case, the violations occurred in October 2013, and despite having over ten years to comply with FACTA and over five years after FACTA's amendment to clarify that the entire expiration date must be removed from receipts, Defendant provided Plaintiffs and other class members with receipts containing the entire expiration date of their credit cards. Defendant's actions were in clear violation of FACTA's requirements and unreasonably exposed its customers to identity theft and credit card fraud.

Despite having notice of FACTA's requirements, Defendant continued to provide Plaintiffs and other class members electronically printed receipts containing the expiration date of the consumer's credit or debit card in direct violation of FACTA. (Document 26, ¶ 62). Defendant's disregard of FACTA was at least reckless, if not knowing, and constitutes a willful violation of

22

FACTA. Defendant's actions exposed Plaintiffs and other class members to identity theft and credit card fraud, which FACTA was specifically enacted to prevent. (Document 26, ¶ 63, 66).

Applying the post-Iqbal case law to the allegations set forth in Plaintiffs' first amended complaint, particularly those in the section entitled, "Defendant's Knowledge of FACTA's Truncation Requirements" demonstrates a plausible inference that Defendant knew, or at the very least was reckless as to whether, its conduct violated FACTA. Therefore, Plaintiffs have stated a valid claim for willful violation of FACTA entitling them to proceed with and conduct discovery in this action.

<u>CONCLUSION</u>

For all of the foregoing reasons, the allegations in Plaintiffs' amended complaint are sufficient to allege that Defendant acted recklessly or willfully. Therefore, Plaintiffs Defendant's motion to dismiss the amended complaint should be denied in its entirety.

DATED: April 6, 2015

Respectfully submitted,

COHN LIFLAND PEARLMAN
    HERRMANN & KNOPF LLP

**/s/Jeffrey W. Herrmann**
JEFFREY W. HERRMANN
AUDRA DEPAOLO
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
jwh@njlawfirm.com

and

ND&S NICOLL DAVIS & SPINELLA LLP
95 Route 17 South, Suite 316
Paramus, New Jersey 07652
(201) 712-1616

Attorneys for Plaintiffs

24