<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELLIOT REED, MICHAEL ASTA,** individually and on behalf of others similarly situated, | |
| Plaintiffs, | |
| | Civil Action No. 14-896 (ES)(MAH) |
| v. | |
| | OPINION |
| **THE SWATCH GROUP (US), INC.,** a Delaware Corporation, | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

## I.    INTRODUCTION

Plaintiffs Elliott Reed and Michael Asta bring this action on behalf of themselves and similarly situated individuals, alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.*, as amended (the "FCRA"). Before the Court is The Swatch Group (US), Inc.'s ("Swatch" or "Defendant") motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 29). The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons below, the Court denies Defendant's motion to dismiss.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Complaint alleges that Plaintiff Elliot Reed made a purchase at Defendant's store at Garden State Plaza in New Jersey on October 8, 2013. (D.E. No. 26, Amended Complaint ("Am.

Compl.") ¶ 24). Reed paid with his American Express credit card and "received from Defendant an electronically-printed receipt that displayed the expiration date of [Reed's] American Express credit card." (*Id.*). On October 16, 2013, Plaintiff Michael Asta made a purchase at Defendant's store at Swatch Times Square in New York. (*Id.* ¶ 25). Asta paid with his American Express credit card and, like Reed, received a receipt that displayed the expiration date of his credit card. (*Id.*).

On November 23, 2013, Plaintiffs brought this consumer class action on behalf of themselves and others who made purchases at Swatch stores on or after June 3, 2008 and received receipts displaying the expiration dates of their debit or credit cards. (*Id.* ¶ 8; *see also* D.E. No. 1, Complaint ("Compl.")). Plaintiffs' initial Complaint alleged that Defendants' printing of Plaintiffs' credit card expiration dates on their Swatch store receipts violates the FACTA amendment to the FCRA and N.J.S.A. § 56:11-42, a state law with similar requirements. (Compl.).

On May 27, 2014, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* D.E. No. 12). On December 29, 2014, the Court granted the motion to dismiss without prejudice and granted Plaintiffs leave to amend their Complaint. (*See* D.E. No. 25, Opinion and Order Granting Defendant's Motion to Dismiss ("Op.") at 10). Plaintiffs filed an Amended Complaint on January 28, 2014. (Am. Compl.). The Amended Complaint alleges a cause of action under FACTA, but not its state law counterpart. (*Id.*).

Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on February 27, 2015. (D.E. No. 29-1, Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint ("Def. Mov. Br.")). Plaintiffs opposed the motion on April 6, 2015. (D.E. No. 32, Memorandum of Law in Opposition to Defendant's Motion to Dismiss Amended Complaint ("Pl. Opp. Br.")). Defendant replied on April 30, 2015. (D.E.

2

No. 34, Reply Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint "Def. Reply Br.")). The motion is now ripe for resolution.

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must set forth a "short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give the defendant fair notice of what the claim is and the grounds on which it is based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A complaint "does not need detailed factual allegations," but it must have more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. See *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (citations omitted). Federal Rule of Civil Procedure 12(b)(6) does not permit dismissal of a complaint simply because "it strikes a [] judge that actual proof of those facts is improbable."

3

*Twombly*, 550 U.S. at 556. However, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## IV. FACTA BACKGROUND

FACTA is an amendment to the FCRA, which was passed by Congress in 2003 in order to protect consumers from identity theft. *See* Pub. L. No. 108-159, 117 Stat. 1952 (2003). *See also* Credit and Debit Card Receipt Clarification Act of 2008, Pub. L. No. 110-241, § 2, 122 Stat. 1565 (June 3, 2008). FACTA prohibits a person that accepts debit or credit cards from printing more than the last five digits of the card number or expiration date on a receipt for a transaction. 15 U.S.C. § 1681c(g). FACTA imposes civil liability for violations of this provision. A plaintiff who has suffered actual damages may bring a claim under FACTA to recover those damages. If a plaintiff has not suffered any actual damages, he or she can bring a claim for statutory damages between $100 and $1,000. § 1681n(a)(1)(A). However, statutory damages are only available if the plaintiff proves that the defendant's noncompliance with FACTA is willful. *Id. See also Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 374 (3d Cir. 2012).

The Supreme Court has interpreted "willful" violations of FACTA to include knowing or reckless violations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007). "The term wilful [sic] means an omission or failure to do an act . . . voluntarily and knowingly with a purpose [to] disobey or disregard of the law, or with reckless disregard of a known statutory duty under the Fair Credit Reporting Act." *Price v. Trans Union, L.L.C.*, 839 F. Supp. 2d 785, 808 (E.D. Pa. 2012). Recklessness implicates "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). It is the "high risk of harm, objectively assessed, that is the essence of recklessness at common law." *Id.* at 69.

## V. DISCUSSION

Defendants do not contest the sufficiency of Plaintiffs' allegations that Defendant's stores issued Plaintiffs receipts that displayed their credit cards' expiration dates. However, since Plaintiffs do not allege any actual damages, they must allege that Defendant's violation was willful in order to state a claim to recover statutory damages. (*See* Def. Mov. Br. at 6). Accordingly, Defendant challenges the Amended Complaint on the grounds that it does not "offer any allegation or evidence that Swatch issued credit card receipts at its New Jersey or Times Square store *with the intent* to violate FACTA." (*Id*.) (emphasis added). This is the same argument that Defendant made—and the Court agreed with—with respect to Plaintiffs' original Complaint. (*See* Op. at 6 (dismissing Complaint for failure to show that this Defendant in particular actually "received, reviewed, or was otherwise made familiar with FACTA's requirements.")). According to Defendant, Plaintiffs' mere allegation that "Swatch must have known about the truncation requirements" through the publicity that surrounded FACTA is insufficient to allege intent. (*See* Def. Mov. Br. at 13).

Plaintiffs respond that Defendant ignores the additional allegations set forth in the Amended Complaint, which sufficiently allege actual knowledge or intent. (Pl. Opp. Br. at 1). They argue that the Amended Complaint includes new allegations that the Defendant received notice of the FACTA requirements through their agreements with credit card issuers, periodic communications with credit card issuers, monthly statements from Defendants' bank, written information from Defendants' point-of-sale providers, and monthly statements from Defendant's merchant-processing companies. (*See* Am. Compl ¶¶ 55-60). As a result, Plaintiffs argue that Defendants had actual knowledge of what was considered a FACTA violation. (Am. Compl. ¶¶ 55-60; Pl. Opp. Br. at 12). Plaintiffs also argue that they allege that the Defendant's violations of

FACTA were not accidental oversights, but were a means of avoiding the additional expense of updating its point-of-sale equipment. (Am. Compl. ¶ 61; Pl. Opp. Br. at 15).

The Court determines that these allegations are sufficient and cure the deficiencies that the Court identified in Plaintiffs' original Complaint. (*See* Op. at 6-8). Because Plaintiffs "allege that defendants were informed with sufficient depth or frequency of the specific requirements of the statute as applied to them . . . knowledge of or recklessness as to [a violation] could be plausibly inferred." *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13-7174, 2014 WL 6076733 at *3. In addition, other courts have concluded that allegations substantially similar to those included in the Amended Complaint are sufficient to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For example, in *Dover v. Shoe Show, Inc*., No. 12-694, 2013 WL 1748337, at *3 (W.D. Pa. Mar. 19, 2013), the plaintiffs alleged that the defendants were made aware of FACTA requirements through their agreements, regular communications with Visa, and monthly statements from its merchant bank. *Id.* The plaintiff in *Dover* also alleged that the defendant's Point of Sale (POS) providers and merchant processing companies apprised the defendant of the FACTA requirements, and the court ruled that these allegations were sufficient and denied the defendant's motion to dismiss. *Id*. Plaintiffs in this case include almost identical allegations. (Am. Compl. ¶¶ 55-59).

Similarly, in *Steinberg v. Stitch & Craft, Inc.*, No. 09-60660, 2009 WL 2589142, at *2 (S.D. Fla. Aug. 18, 2009), the court denied the defendant's motion to dismiss because the plaintiff alleged that credit card companies had "notified merchants, including [the] [d]efendant that the FACTA prohibited the printing of more than the last five digits of the credit/debt card number and/or the expiration dates . . . ." *Stich & Craft*, 2009 WL 2589142, at *2. Plaintiff in this case

has similarly alleged that Defendant actually received notice through various agreements and sources.  (*See* Am. Compl. ¶¶ 56-60).

Defendant argues that Plaintiffs' new allegations are insufficient because they merely parrot allegations from complaints of cases that survived motions to dismiss.  (Def. Reply Br. at 7).  According to the Defendant, "Plaintiffs cannot simply copy allegations from other FACTA complaints and render the same facts against Swatch." (*Id.* at 8).  In evaluating a motion to dismiss, however, a court is required to accept all factual allegations as true.  *Phillips,* 515 F.3d at 228.  If the evidence reveals that the Defendant in fact received actual notice of FACTA requirements through various outlets and recklessly failed to comply with the requirements, then Defendant's conduct could constitute a violation of FACTA.  A reckless violation of FACTA is enough to satisfy the "willfulness" requirement.  *Safeco*, 551 U.S. at 56-57.

The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Amended Complaint includes enough facts, accepted as true, to state a claim under FACTA.  Accordingly, the Court denies Defendant's motion to dismiss.

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.  An appropriate Order accompanies this Opinion.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**
