# WUERSCH & GERING

June 27, 2016

***VIA ECF FILING***
Hon. Michael A. Hammer, U.S.M.J.
United States District Court - District of New Jersey
Martin Luther King Building & U.S. Courthouse, Court Room 2C
50 Walnut Street
Newark, New Jersey 07101

Re: __Reed, et al. v. The Swatch Group (U.S.) Inc. – Case No. 14-cv-00896-ES-MAH__

Dear Judge Hammer:

Along with Nagel Rice LLP, we are counsel to Defendant The Swatch Group (U.S.) Inc. ("Swatch") in the above-referenced matter and submit the following Supplemental Memorandum pursuant to the Court's June 20, 2016 Text Order (Dkt. 54).

## The First Amended Complaint ("FAC") Alleges Speculative Injury

This putative class action seeks statutory damages and contingent attorneys' fees for the alleged "willful" violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 (the "FCRA"), et seq. as amended. Among other things, FACTA requires businesses which accept credit cards to redact on printed receipts all but the last five digits of the customer's credit card number, and to redact the expiration date. See 15 U.S.C. § 1681c(g).

The FAC (Dkt. 26) is replete with allegations that even though Swatch redacted the required credit card digits, it intentionally and willfully violated FACTA by including on two receipts the named plaintiffs' credit card expiration date. But the FAC includes exactly two redundant allegations concerning injury: ¶ 63 (*"willful violations of FACTA . . . exposed Plaintiffs, and those other class members similarly situated to identity theft and credit/debit fraud . . ."*) and ¶ 66 (*"failure to comply with FACTA . . . subjecting its customers to identity theft and credit/debit card fraud . . ."*). Plaintiffs' June 3, 2016 letter to Judge Salas (Dkt. 50) confirmed that the only injury claimed in the FAC, indeed, the only damages alleged (or that could be alleged) in this putative class action lawsuit, is Plaintiffs' fear of identity theft or credit card fraud.

While Plaintiffs submit that they are exposed to possible identity theft, and perhaps fear credit card fraud, such allegations are not sufficient in the Third Circuit to substantiate a FACTA claim. See, e.g., Reilly v. Ceridian Corp., 664 F.3d 38, 43 (3d Cir. 2011) ("allegations of an increased risk of identity theft ... are [ ] insufficient to secure standing."), citing Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) ("[A]llegations of possible future injury do not satisfy the requirements of Art. III."). Indeed, an "'alleged increased risk of future injury' is nothing more than speculation . . . As such, the alleged injury is not 'certainly impending'" for purposes of Article

Hon. Michael A. Hammer, U.S.M.J.                                    Page 2 of 5
June 27, 2016

III standing. Reilly, 664 F.3d at 43, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n.2 (1992).

## The Spokeo Decision and the FAC

The U.S. Supreme Court in Spokeo, Inc. v. Robins, 578 U.S. __, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) held that "the injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'" Id. at 640, citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-181 (2000). Plaintiffs' allegations of alleged injury are not by any measure pleaded or even conceptually "concrete and particularized" because they are speculative as pleaded and speculative by nature. FAC ¶¶ 63, 66. Why? Because Plaintiffs cannot allege an actual injury suffered as a result of a Swatch Store handing to the Plaintiffs directly their own credit card receipts. If any fear of identity theft or credit card fraud resulted from that transaction it would be self-inflicted by Plaintiffs losing or exposing their own receipts to strangers, which conduct is not a FACTA violation.

Under Spokeo, the mere violation of a statute (specifically, the FCRA in Spokeo itself and as alleged here), alone, is insufficient to confer Article III standing. As Justice Alito wrote, "to establish injury in fact, a plaintiff must show [harm] that is . . . 'actual or imminent, not conjectural or hypothetical.'" Spokeo at 645, citing Lujan v. Defenders of Wildlife, 504 U.S. at 560. The FAC at most alleges 'conjectural or hypothetical' injury, nothing that is "concrete or particularized." Id.

## Prevailing Case Law Confirms Speculative Injury Does Not Support Art. III Standing

There is no dispute that the harm alleged in the FAC is solely premised upon speculation of an increased risk of identity theft or credit card fraud, which alleged injury is undeniably speculative and hypothetical, the type that is insufficient as a matter of law to confer Article III standing in the Third Circuit. See Reilly, 664 F.3d at 43; see also, In re Horizon Healthcare Servs. Data Breach Litig., No. 13-7418, 2015 U.S. Dist. LEXIS 41839, at *13-14 (D.N.J. Mar. 31, 2015) (allegations concerning the "increased likelihood of future harm" concerning identity theft not sufficient to confer Article III standing).

Courts in this District routinely reject complaints premised upon speculative or hypothetical harm. See, e.g., Residences at Bay Point Condo. Ass'n v. Std. Fire Ins. Co., No. 14-3981, 2016 U.S. App. LEXIS 1812, at *6 (3d Cir. Jan. 27, 2016) (risk of harm speculative; no damages actually incurred); W.R. Grace & Co. v. Garlock Sealing Techs., LLC, 532 Fed. Appx. 264, 267-269 (3d Cir. 2013) ("[A]lleged injury is therefore contingent on the occurrence of events that may never happen … making it more conjectural or hypothetical than actual or imminent"); Joint Stock Soc'y v. UDV N. Am., Inc., 266 F.3d 164, 177 (3d Cir. 2001) (dismissal for lack of Art. III standing based on speculative injury); see also, Goode v. Gioria, 590 Fed. Appx. 120, 121-122 (3d Cir. 2014) ("speculations about entirely hypothetical injuries do not meet the injury-in-fact requirement for standing"); Cottrell v. Alcon Labs., Inc., No. 14-5859, 2016 U.S. Dist. LEXIS 38816, at *9-13 (D.N.J. Mar. 24, 2016) (dismissal under Art. III due to conclusory allegations about future damages); Comité de Apoyo a los Trabajadores Agrícolas v. Perez, No. 15-4014, 2015 U.S. Dist. LEXIS 163372, at *20-25 (D.N.J. Dec. 4, 2015) (no actual harm or impending harm under Article III due to speculative claim injury may occur "some-day"); N.J. Physicians, Inc. v. Obama, 757 F. Supp. 2d 502, 507 (D.N.J. 2010) (no Art. III standing if

Hon. Michael A. Hammer, U.S.M.J.                                                    Page 3 of 5
June 27, 2016

complaint anticipates damages), aff'd, 653 F.3d 234 (3d Cir. 2011); Koronthaly v. L'Oreal USA, Inc., No. 07-5588, 2008 U.S. Dist. LEXIS 59024, at *10-15 (D.N.J. July 25, 2008) (dismissal under Art. III because complaint alleged potential damages), recons. denied, 2008 U.S. Dist. LEXIS 86419, at *10-12 (D.N.J. Oct. 23, 2008).[1]

## Stay of Discovery

Spokeo clarified the meaning of actual injury, and in light of the speculative allegations of the FAC, the Court authorized Swatch to move under Fed. R. Civ. P. 12(h)(3) to dismiss the FAC because Plaintiffs have no Article III standing.  (Dkt. 55)  Swatch's dismissal motion will be fully briefed by September 1, 2016 (Dkt. 55), but during such briefing, the parties should not be required to engage in class or merit discovery because the Court's and the parties' resources are better preserved if discovery is stayed pending a decision on Swatch's dismissal motion.

Plaintiffs have requested document and informational discovery that requires Swatch to review and make available to Plaintiffs thousands of boxes of receipts and documents located in warehouses around New Jersey and potentially, depending upon the Court's decisions in certain disputes, boxes of documents located in Miami, where Swatch recently relocated.  As Plaintiffs are aware, Swatch retained third-party vendors to design, implement, and install its register systems for its stores around the country, and depending upon the statute of limitations applied, the records of both vendors and the paper records of every customer sale made over a designated period are subject to discovery.

Pursuant to 15 U.S.C. § 1681p (2003), any action under 15 U.S.C. §§ 1681 et seq. may be brought "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."  The parties dispute the number of Swatch stores subject to liability in this lawsuit because the FAC does not identify purchases at, or FACTA violations committed by, every Swatch Store in the United States, nor does the FAC allege that stores other than Times Square and Garden State Plaza committed FACTA violations.  Because not all Swatch Stores opened before the claimed 2013 FACTA receipt violations in the FAC (¶¶ 24-25), and since the FAC does not identify every Swatch Store in the United States nor is there a basis to assert that every Swatch Store violated FACTA, the Court first would have to decide whether every Swatch Store, as Plaintiffs now maintain, or just the two Swatch Stores alleged in the FAC, are subject to purchaser receipt discovery, and over which period.  Indeed, the

---

[1] Your Honor asked Swatch to consider standing in statutory FDCPA violation cases.  There is authority in this District, of course, that a plaintiff has standing to sue under the FDCPA for a statutory violation.  See, e.g., Salvati v. Deutsche Bank Nat'l Trust Co., N.A., 575 F. App'x 49, 56 (3d Cir. 2014) (plaintiff suing under FDCPA had standing to sue for violation because Act provides for statutory damages).  However, these FDCPA standing decisions pre-date Spokeo, and our research does not reveal a decision in any Circuit post-Spokeo concerning standing under the FDCPA for a mere procedural or statutory violation.  At least one set of commentators has written that Spokeo spells doom for statutory violation (FACTA) cases.  See "Game Changer:  Spokeo  Revamps  Standing  for  Statutory  Class  Actions," http://www.corpcounsel.com/id=1202757984774/Game-Changer-Spokeo-Revamps-Standing-for-Statutory-Class-Actions?slreturn=20160527121954.

expansion of the FAC to every Swatch Store in the United States provokes statute of limitations issues under FACTA and would enlarge discovery to potentially thousands of boxes (of receipts alone) and many thousands of documents spread over different states and different warehouses. Given that Swatch does not keep electronic records of the receipts, but would have to review and produce to Plaintiffs thousands of boxes of paper receipts, it is prudent to stay discovery while Swatch's dismissal motion is pending.

A stay is particularly warranted because the Court would have to accept briefing on, and issue decisions concerning the applicable FACTA statute of limitations as to each Swatch Store subject to discovery. That is, the number of Swatch Stores subject to the FAC would have to be decided (the FAC is silent as to any store other than Garden State Plaza and Times Square; FAC ¶¶ 23-24) and the applicable statute of limitations to each store, given the various open dates of the stores and the alleged customer experiences at Swatch Stores around the country, even if they are contemplated by the FAC and ordered to be subject to discovery.

Discovery on the receipts alone would be comprehensive and expensive because sales at Swatch Stores from 2008–2013, if the five-year limitations period is claimed by Plaintiffs, would be in excess of 2 million. Swatch respectfully maintains that forcing its staff and lawyers to collect and review paper receipts and other related customer documents for more than 2 million transactions, in addition to the balance of other voluminous discovery Plaintiffs demand, is not reasonable given the possible dismissal of this lawsuit under Spokeo. Coupled with the numerous discovery disputes that will be introduced by this volume of demanded discovery, including cost and burden shifting under Rule 26, it is more prudent for the parties and the Court to stay discovery pending disposition of Swatch's Rule 12(h)(3) dismissal motion.

### Plaintiffs Damages Theory

It is important to note that Plaintiffs do not seek actual damages, but instead assert that statutory damages and attorneys' fees are the preferred remedy for Swatch's alleged FCRA violations. (FAC ¶ 66) Plaintiffs submit no evidence or proof to support that a credit card receipt with an expiration date given to the Plaintiff himself which receipt excludes credit card numbers and any other personally identifying information actually elevates identity theft risk. Under established FACTA precedent, a conclusory allegation that an expiration date on a credit card receipt raises identity theft concern is insufficient to plead actual injury. See Aliano v. Texas Roadhouse Holdings LLC, No. 07-C-4108, 2008 U.S. Dist. LEXIS 104428, at *9 (N.D. Ill. Dec. 23, 2008) ("the notion of 'actual damages' must include some disclosure of private information or some sort of 'negative action' against the plaintiff"), quoting Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37 (E.D.N.Y. 2005), accord Seo v. CC CJV Am. Holdings, Inc., No. 11-05031, 2011 U.S. Dist. LEXIS 120246, at *6 (C.D. Cal. Oct. 18, 2011) (dismissing FACTA claim because Plaintiff "ha[d] not alleged that he suffered any actual damages . . . beyond the bare assertion that 'actual damages are present and quantifiable.'").

Plaintiffs have not alleged actual damages, let alone that potential injury is possible because an expiration date on a credit card receipt with no other personally identifying information heightens identify theft concern. Plaintiffs do not even maintain that identity theft is possible with the two Swatch Store credit card receipts they claim violate FACTA, let alone raise identity theft as a real concern that triggered Congress's action when it passed the FCRA. See Pub. L. No. 108-159, 117 Stat. 1952 (December 4, 2003).

Hon. Michael A. Hammer, U.S.M.J.                                    Page 5 of 5
June 27, 2016

Plaintiffs' counsel's observation that because Spokeo was remanded to the Ninth Circuit to discern whether there was any "actual" or "concrete" injury has nothing to do with whether an "actual" or "concrete" injury has been alleged, or even could be proven in this case. To the contrary, an *"increased risk of identity theft and credit card fraud"* as the alleged "concrete" harm is not an example of actual injury the Supreme Court contemplated in Spokeo, and certainly is not an injury that warrants Article III standing as held by the above-referenced Third Circuit and other authorities.

Further, post-Spokeo courts have rejected Article III standing in statutory and procedural violation cases, including Stoops v. Wells Fargo Bank, N.A., No. 15-0083, 2016 U.S. Dist. LEXIS 82380, at *37 (W.D. Pa. June 24, 2016) (statutory violation of TCPA insufficient to confer Art. III standing when asserted damages were "hypothetical future harm"); Wall v. Mich. Rental, No. 15-13254, 2016 U.S. Dist. LEXIS 80846 (E.D. Mich. June 22, 2016) (allegation of future possible harm insufficient to confer Art. III standing); Larroque v. First Advantage LNS Screening Solutions, Inc., No. 15-04684, 2016 U.S. Dist. LEXIS 80689, at *2-7 (N.D. Cal. June 21, 2016) (court *sua sponte* order to show cause to determine if Art. III standing exists in FCRA case); Gubala v. Time Warner Cable, Inc., No. 15-1078, 2016 U.S. Dist. LEXIS 79820, at *12-15 (E.D. Wis. June 17, 2016) (dismissing complaint because CCPA statutory violation not concrete harm for Art. III standing); Smith v. Ohio State Univ., No. 15-3030, 2016 U.S. Dist. LEXIS 74612, at *11-12 (S.D. Ohio June 8, 2016) (dismissing FCRA complaint due to no concrete harm resulting from stolen identification information).

Given the possibility, if not likelihood, that the FAC may be dismissed under Spokeo, discovery should be stayed pending Swatch's Rule 12(h)(3) motion.[2]

Thank you for your attention to this important matter.

Respectfully,

Samuel D. Levy

C (via ECF):   All Counsel of Record

---

[2] Plaintiffs cite Chapman v. Dowman, Heintz, Boscia & Vician, P.C., No. 15-120, 2016 WL 3247872 (N.D. Ind. June 13, 2016) in their June 17, 2016 letter to the Court (Dkt. 53, p. 3) as an example of a post-Spokeo decision that marginalized Spokeo's impact upon Article III standing. Chapman merely concerned an FDCPA class's unopposed motion to approve a settlement, wherein the parties jointly agreed that Spokeo did not deprive plaintiff of standing in that case and did not impact the settlement. Id. at n. 1. There is no discussion in Chapman of the issues presented in this Supplemental Memorandum. Indeed, since Spokeo, the U.S. Supreme Court vacated and remanded to the Fifth Circuit an ERISA case that previously asserted statutory violations in support of standing. Pundt v. Verizon Comm., Inc., No. 15-785, 2016 U.S. LEXIS 3389 (U.S. May 23, 2016). Swatch's research does not reveal any reported post-Spokeo decision that has sustained statutory or procedural violations as the bases for Article III standing as is solely asserted in the FAC.