**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**

*Celebrating 90 years | EST. 1924*

COUNSELLORS AT LAW

PARK 80 WEST - PLAZA ONE, 250 PEHLE AVE., SUITE 401, SADDLE BROOK, NJ 07663
201-845-9600 · FAX 201-845-9423 · clphk@njlawfirm.com · www.njlawfirm.com

July 5, 2016

VIA ELECTRONIC FILING
Hon. Michael A. Hammer, U.S.M.J.
United States District Court
50 Walnut Street
Newark, New Jersey 07102

   RE: **Elliot Reed, et al. v. The Swatch Group (US), Inc.**
      **Docket No.: 14-cv-00896(ES)(MAH)**

Dear Judge Hammer:

Our firm, along with Nicoll Davis & Spinella, LLP, represent Plaintiffs, Elliot Reed, Michael Asta and the putative class ("Plaintiffs"), in the above-referenced matter. Pursuant to the Court's June 20, 2016 Text Order (Docket No. 54), Plaintiffs submit this memorandum in response to the Supplemental Memorandum (Docket No. 56) filed by Defendant The Swatch Group (U.S.) Inc. (Defendant or Swatch).

## FACTA and Plaintiffs' Amended Complaint

FACTA, which was enacted by Congress in 2003 to stem the rising tide of identity theft, mandates as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction. [15 U.S.C. § 1681c(g).]

On June 3, 2008, FACTA was amended to clear up any existing confusion and to clarify that merchants must remove expiration dates from their receipts. 15 U.S.C. § 1681n(d). This amendment provided merchants with a second opportunity to become compliant with FACTA. After the safe harbor expired on June 3, 2008, merchants became subject to claims of willful noncompliance for printing expiration dates on receipts.

FACTA is remedial legislation, enacted to protect consumers. The purpose of FACTA is to hold accountable merchants who exposed their customers to unreasonable risks of credit and debit card fraud and identity theft. Therefore, Congress determined that a consumer alleging a FACTA violation need not have suffered actual damages. A retailer that willfully fails to comply with FACTA also is liable for statutory damages. See 15 U.S.C. 1681n(a). Our courts have a duty to interpret and construe remedial legislation, such as FACTA, broadly to effectuate its purpose. See, e.g., Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

Congress enacted the FACTA truncation requirements in an effort "to prevent identity theft." PL 108–159, 117 Stat 1952 (December 4, 2003). Congress was troubled by the fact that many merchants printed a consumer's unredacted credit card information on their merchandise receipts, which is an excellent way for thieves to gather information and enjoy a shopping spree at the victim's expense. Hearings Before the Committee On Banking, Housing, and Urban Affairs, United States Senate, S. Hrg. 108-570 at 180 (2003). Congress observed that a thief could steal a consumer's receipt while she was busy shopping and, by the time the consumer returned home, the thief had charged $3000 in merchandise to the consumer's account. Id. Federal Courts have acknowledged that paper receipts produced at the point of sale pose a great danger of being misappropriated by identity thieves as the receipts "may be dropped, mislaid, or discarded by the consumer in any number of public places where it easily can be retrieved and put to nefarious use by others." Shlahtichman v. 1-800 Contacts, Inc., 615 F.3d 794, 802 (7th Cir. 2010).

Another concern voiced by Congress was "dumpster diving," where a thief goes into a victim's garbage can and obtains personal credit card information from discarded receipts. S. Hrg. 108-570 at 78. FACTA's "truncation provision was passed in order to combat misappropriation of paper receipts through low-technical identity theft techniques such as 'dumpster diving.'" Get Your Facts Straight: The Application of FACTA's Truncation Provision to Online Transactions, 86 St. John's L. Rev. 1011, 1033-34 (Fall 2012); see also Putting A Lid On Online Dumpster-Diving: Why the Fair and Accurate Credit Transactions Act Should Be Amended To Include E-mail Receipts, 9 Nw. J. Tech. & Intell. Prop. 591, 596 (Summer 2011) (A "low-tech method of carrying out credit card fraud is through the act of 'dumpster-diving,' where perpetrators will sift through dumpsters and trash bins outside businesses and residences to look for documents and discarded receipts that can divulge a variety of personal information"). Federal courts have recognized that dumpster diving is a classic type of identity theft. See, e.g., Flores-Figueroa v. United States, 556 U.S. 646, 656 (2009); United States v. Morgan, 2012 WL 1714705, *12 (E.D. Pa. 2010).

It is not difficult for a merchant to comply with FACTA as the requirements it imposes on merchants are easy to implement. In this case, Defendant's FACTA violations occurred in October 2013, and despite having over ten years to comply with FACTA and over five years after FACTA's amendment clarifying that the entire expiration date must be removed from receipts, Defendant still provided Plaintiffs with receipts containing the entire expiration date of their credit cards. (Docket No. 26, ¶ 62). Defendant's actions were in clear violation of the legal rights created by FACTA and unreasonably exposed Plaintiffs to identity theft and credit card fraud, which FACTA was specifically enacted to prevent. (Docket No. 26, ¶¶ 63, 66).

## The Spokeo Decision Does Not Prevent Standing

Contrary to Defendant's characterization, Plaintiffs here are not alleging a mere speculative or hypothetical injury. Rather, Plaintiffs suffered the invasion of their legally protected rights created by FACTA, and nothing contained in the decision in Spokeo, Inc. v. Robins, 578 U.S. --, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) compels dismissal of this action. See In re Nickelodeon Consumer Privacy Litig., --- F.3d ---, 2016 WL 3513782, *6 (3d Cir. June 27, 2016) (Rejecting defendants' argument that disclosure of information about plaintiffs' online activities does not qualify as injury-in-fact sufficient for Article III standing).

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

In <u>Nickelodeon</u>, the Third Circuit held that the purported injury was clearly particularized as each plaintiff complained about disclosure of his or her online information and, while perhaps intangible, "the harm is also concrete in the sense that it involves a clear <u>de facto</u> injury, <u>i.e.</u>, the unlawful disclosure of legally protected information." <u>Id.</u> at *7. The Court opined that, insofar as <u>Spokeo</u> directs courts to consider whether an alleged injury-in-fact has traditionally been regarded as providing a basis for a lawsuit, "Congress has long provided plaintiffs with the right to seek redress for unauthorized disclosures of information that, in Congress's judgment, ought to remain private." <u>Id.</u> (internal quotation marks omitted).

Justice Alito, in <u>Spokeo's</u> majority opinion, confirmed that violation of rights granted by statute can be sufficient to constitute an injury in fact. 136 S. Ct. at 1549. "In other words, a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." <u>Id.</u> (emphasis in original). Thus, <u>Spokeo</u> is merely a continuation of existing Supreme Court Law regarding Article III standing, confirming that both "intangible injuries" and the "risk of real harm" can satisfy the requirement of concreteness and noting that intangible harm "may be difficult to prove or measure." 136 S. Ct. at 1549-50; see also <u>Nickelodeon</u>, 2016 WL 3513782, *7.

In his <u>Spokeo</u> concurrence, Justice Thomas cited the Court's decisions in <u>Warth v. Seldin</u>, 422 U.S. 490 (1975) and <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363 (1975). "The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." <u>Warth</u>, 422 U.S. at 500 (internal citations and quotation marks omitted). "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." <u>Id.</u>

Like <u>Nickelodeon</u>, the case at bar does not involve a bare procedural violation such as dissemination of an incorrect zip code. Exposing a consumer's personal confidential credit card information, including the expiration date, presents a material risk of harm. It has been recognized that expiration dates: are one of the pieces needed to calculate the 3-digit security code for a credit card; are required for many online purchases; combined with the last four or five digits of the credit card account number can be used by a criminal to bolster credibility in order to learn additional financial information; and are solicited and trafficked by criminals. See Don Coker, <u>Credit Card Expiration Dates and FACTA</u>, https://www.hg.org/article.asp?id=6665.

### Plaintiffs Have Standing To Bring This FACTA Action

Plaintiffs' Amended Complaint sets forth a valid cause of action against Defendant for violating FACTA, and Plaintiffs have standing to maintain their FACTA claims against Defendant. Defendant cites <u>Reilly v. Ceridian Corp.</u>, 664 F.3d 38 (3d Cir. 2011) to support its contention that Plaintiffs lack standing. However, <u>Reilly</u> did not allege the violation of a statutory right such as FACTA. <u>See</u> 664 F.3d 38. Indeed, when faced with a case based on a statutory violation, the Third Circuit reversed the District Court's dismissal, holding "the District Court's conclusion was error because it ignored the fact that, under the FDCPA, a plaintiff may collect statutory damages even if he has suffered no actual damages." <u>Salvati v. Deutsche Bank Nat. Trust Co.</u>, 575 Fed. Appx. 49, 56 (3d Cir. 2014); see also <u>Alston v. Countrywide Fin. Corp.</u>, 585 F.3d 753, 762-63 (3d Cir.

3

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

2009) (comparing RESPA to FDCPA). This Court similarly opined, "The TCPA provides for a private right of action for violations of its provisions or any implementing regulations and allows for statutory damages of $500 for each violation of the statute....A statute may permit recovery of statutory damages for statutory violations even when the plaintiff has not suffered actual damages." Sacchi v. Care One, LLC, 2015 WL 3966034, at *4-5 (D.N.J. June 30, 2015). The same is true under FACTA.

District Courts in this Circuit have rejected the argument that Plaintiffs lack standing to assert a cause of action for violation of their legal rights under FACTA. See, e.g., Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D. Pa. 2007); Ehrheart v. Lifetime Brands, Inc., 498 F. Supp. 2d 753 (E.D. Pa. 2007); Miller v. Sunoco, Inc., 2008 WL 623806 (E.D. Pa. Mar. 4, 2008). "Plaintiff's allegation here is that she has a legally protected interest in receiving a receipt from a merchant with certain of her credit card information omitted and that Defendant injured her when it handed her a receipt with the offending information on it. This allegation is sufficient to confer standing." Korman, 503 F. Supp. 2d at 759. "Being handed a receipt that omits certain of one's credit card information is a legally protected interest created by FACTA." Id. (citing Ehrheart, 498 F. Supp. 2d at 755) ("FACTA...created a right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card"). "When one is handed a receipt that does *not* omit the offending information, one suffers an injury. Such an injury is sufficient to confer standing." Id. (emphasis in original). Plaintiffs need not allege that they suffered any actual harm, that is, that someone stole their identity. See id. Indeed, by providing for recovery of "statutory damages," Congress expressly recognized that some consumers might not suffer out-of-pocket losses for FACTA violations. See id.

Plaintiffs suffered an injury in fact and, therefore, have standing to assert their claims because "FACTA has created an unambiguous legal right" to receive electronically printed receipts that truncate the consumer's credit card information. Miller, 2008 WL 623806, at *2. The Courts in Korman, Ehrheart and Miller all denied the defendants' motions to dismiss, holding that the plaintiffs had standing to bring their FACTA suits.

District Courts in other Circuits similarly have found standing to pursue FACTA claims. The Seventh Circuit has noted that Congress enacts laws like FACTA that provide modest statutory damages where the consumer's actual loss is small and difficult to quantify. Ramirez v. MCM Mirage, Inc., 524 F. Supp. 2d 1226, 1231 (D. Nev. 2007) (citing Murray v. GMAC Mortg. Corp., 434 F.3d 948, 951-53 (7th Cir. 2006)).

> Through FACTA, Congress created the legal right to electronically printed receipts that truncate the consumer's credit card number and which do not print the expiration date of the consumer's credit card. Receiving a receipt that does not omit the offending information constitutes an invasion of this legally protected right resulting in an injury sufficient to confer standing under Article III. MGM Mirage, 524 F. Supp. 2d at 1231; see also Ramirez v. Midwest Airlines, Inc., 537 F. Supp. 2d 1161, 1167 (D. Kan. 2008).

4

**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
COUNSELLORS AT LAW

To determine whether a plaintiff has alleged an injury in fact sufficient to confer standing, the question is whether the plaintiff alleged a personal stake in the outcome of the controversy. Engel v. Scully & Scully, Inc., 279 F.R.D. 117, 124 (S.D.N.Y. 2011) (citing Warth, 422 U.S. at 500). By alleging that he was a consumer who made a purchase at defendant's store and received an electronic receipt containing his credit card information in violation of FACTA, the Engel court found that plaintiff "alleged an injury in fact and a causal connection between that injury and the conduct at issue." Id. Like these plaintiffs, Plaintiffs in the case sub judice allege the violation of their statutory rights under FACTA and a personal stake in the outcome of this action.

### Discovery Should Not Be Stayed

It is settled law that the mere filing of a dispositive motion does not constitute "good cause" for the issuance of a stay of discovery. Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453, 454 (D.N.J. 2007). Defendant's request that discovery be stayed pending a decision on its motion to dismiss fails to meet its burden of demonstrating good cause sufficient to justify a stay.

Plaintiffs filed this action over two years ago on February 12, 2014. (Docket No. 1). Defendant's motion to dismiss Plaintiffs' Amended Complaint was denied on September 30, 2015 (Docket No. 35). Thus, this action is in its third year of litigation, and Plaintiffs have yet to receive even one document in discovery from Defendant. Now, Defendant plans to move again to dismiss Plaintiffs' Amended Complaint and seeks to stay discovery pending a decision on that motion. Any further delay of discovery will prejudice Plaintiffs through the loss of potential evidence and witness testimony, as well as create case management problems for the Court. See Maher Terminals, LLC v. Port Authority of New York and New Jersey, 2013 WL 2253532, at *3 (D.N.J. May 22, 2013); Forrest v. Corzine, 757 F. Supp. 2d 473, 478 (D.N.J. 2010); Constantino v. City of Atlantic City, 2015 WL 668161, at *3-5 (D.N.J. Feb. 17, 2015); see also Dkt. No. 50. In fact, by way of example, several employees of Defendant with knowledge of relevant facts relating to this action are no longer employed by Swatch, and Swatch has refused to provide Plaintiffs with current contact information for these persons.

Regarding discovery from Swatch stores, the named Plaintiffs in this action seek damages on behalf of "all persons to whom Defendant provided an electronically printed receipt at the point of sales transaction, in a transaction occurring after June 3, 2008, which receipt displayed the expiration date of the person's credit or debit card." Plaintiffs filed this class action against The Swatch Group (U.S.) Inc., which operates approximately 50 stores in the United States. Plaintiffs are not limited to the two stores from which the named Plaintiffs received non-truncated receipts but, rather are entitled to discovery from all of the stores operated by Defendant.

Based on the foregoing, Plaintiffs respectfully urge the Court to deny Defendant's request to stay discovery pending the outcome of its third motion to dismiss this action and compel Defendant to provide discovery for all stores operated by Defendant.

Respectfully yours,
/s/ Jeffrey W. Herrmann
Jeffrey W. Herrmann

JWH:bb
cc: All Counsel of Record - Via ECF